## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>*Plaintiff*,<br><br>v.<br><br>MURIEL BOWSER, in her official<br>capacity as Mayor of the District<br>of Columbia,<br>1350 Pennsylvania Avenue NW<br>Washington, DC 20004,<br><br>and<br><br>JOHN FALCICCHIO, in his official<br>capacity as Interim Deputy Mayor for<br>Planning and Economic Development,<br>1350 Pennsylvania Avenue NW, Ste. 317<br>Washington, DC 20004,<br><br>and<br><br>JEFFREY MARTOONIAN, in his<br>official capacity as Director of the<br>District Department of Transportation,<br>2000 14th Street NW, 6th Floor<br>Washington, DC 20009,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## **COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants Muriel Bowser, John

Falcicchio, and Jeffrey Martoonian, in their official capacities, for violations of 42 U.S. C. 1983.

As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.

4.      Defendant Muriel Bowser is the Mayor of the District of Columbia.  Defendant Bowser's offices are located at 1350 Pennsylvania Avenue NW, Washington, DC  20004.  She is sued in her official capacity.

5.      Defendant John Falcicchio is the Interim Deputy Mayor of the District of Columbia for Planning and Economic Development and Chief of Staff to Mayor Bowser. Defendant Falcicchio's offices are located at 1350 Pennsylvania Avenue NW, Suite 317, Washington, DC  20004.  He is sued in his official capacity.

6.      Defendant Martoonian is the Director of the District Department of Transportation.  His offices are located at 2000 14th Street NW, 6th Floor, Washington, DC 20009.  He is sued in his official capacity.

## STATEMENT OF FACTS

7.      In the early morning hours of Friday, June 5, 2020, a team of artists, residents, District employees, and demonstrators painted "Black Lives Matter" on 16th Street NW near the

White House.  Painted in large, "safety yellow" block letters, the message spanned the entire

width of the street and covered nearly two blocks:



8.      The following day, Saturday, June 6, 2020, protesters painted "Defund the Police"

next to the "Black Lives Matter" message on 16th Street NW.  Like the "Black Lives Matter"

message, the "Defund the Police" message also was painted in "safety yellow" block letters:



9.     The protesters also painted over the three stars in the District's crest such that the entire message read, "Black Lives Matter = Defund the Police."  According to a Fox5 news report on Sunday, June 7, 2020, District Department of Public Works employees repainted the stars on the crest.  According to the same report, the District Department of Public Works also announced that the "Defund the Police" message would not be removed.

10.     Mayor Bowser plainly approved and supports the painting of "Black Lives Matter" on 16th Street and either approved or acquiesced in the painting of "Defund the Police." As of the date of this Complaint, both messages remain on display on 16th Street NW.  At a press conference following the June 5, 2020 street painting, Mayor Bowser stated, with respect to the "Black Lives Matter" message, "There are people who are craving to be heard and to be seen and to have their humanity recognized.  We had the opportunity to send that message loud and clear on a very important street in our city."

11.     On Wednesday, June 10, 2020, Judicial Watch sent a letter to Mayor Bowsers and District Attorney General Karl Racine requesting permission to paint its own message on a District street:

> We note with interest Mayor Bowser's recent decision approving the painting of "Black Lives Matter" on 16th Street NW and the approval of and/or acquiescence in the painting of "Defund the Police" alongside the first message.  Both messages are expressive activity.
>
> Judicial Watch, Inc. is a Washington, DC-based, non-profit organization headquartered in Southwest DC.  For more than twenty-five years, Judicial Watch, Inc. has promoted transparency, accountability and integrity in government and fidelity to the rule of law.  Our motto is "Because No One Is Above the Law!" – a message that is particularly relevant today because it applies equally to law enforcement and public officials as well as to protesters, looters, and rioters.
>
> Because DC streets surfaces are now being used as public fora for expressive activity, we would like to have our motto painted on a street, preferably Independence Avenue SW, between 2nd and 4th Streets SW, which is near our

offices.  The lettering would be identical in size and color to the lettering used to paint "Black Lives Matter" on 16th Street NW. Judicial Watch, Inc. would pay the cost of the painting, but we would likely need the assistance of the DC Government to aid in traffic diversion and parking restrictions while the painting is completed.  Of course, the painting could be completed when traffic is typically light, as was done with the "Black Lives Matter" message.

As the timeliness of our message is important, please respond within 3 working days. If the Independence Avenue location is not possible, we are open to considering alternative locations.

12.     Before preparing and sending the letter, Judicial Watch investigated whether the District had any existing processes or procedures in place for requesting street paintings by reviewing the District Department of Transportation's permit applications webpage, https://ddot.dc.gov/page/public-space-permit-applications.  The webpage and subpages referenced therein contained no reference to street paintings or any reasonably analogous subjects.  Judicial Watch also was unable to identify or recall any similar use of District street surfaces for painting expressive messages.

13.     On Friday, June 12, 2020, Interim Deputy Mayor Falcicchio responded to Judicial Watch by representing that its request had been referred to the District Department of Transportation for review.  Interim Deputy Mayor Falcicchio also added that the request "is unlikely to be approved on an active roadway because the paint would conflict with road markings."  He further noted that "Black Lives Matter Plaza," in reference to the two blocks on 16th Street NW between H and K Streets NW where the two messages had been painted on the street surface, "is closed to traffic at this time and thus avoiding that hurdle."

14.     Judicial Watch responded to Interim Deputy Mayor Falcicchio on Monday, June 15, 2020:

Thanks for the heads up.  If it is the City's position that street painting is only allowed on closed roadways, please advise us which DC roadways are currently closed and how long they are expected to remain closed so we can plan accordingly.  It is our understanding that, at least as of June 12, H and I Streets

NW were closed between 15th and 17th NW, 16th Street NW was closed between H and K Streets NW, and Connecticut and Vermont NW were closed between H and I Streets NW. However, the relevant MPD Traffic Advisory only noted traffic closures and restrictions at these locations for June 13 and 14.

Alternatively, is it possible to request a closure to accommodate a street painting, and, if so, how long would the closure last?

15.     Interim Deputy Mayor Falcicchio responded that same day, asserting: "Thanks for circling back. While Black Lives Matter Plaza will remain closed until further notice, the roads you mentioned begin to reopen today." He provided no information about other closed roadways or how to request a closure to accommodate a street painting.

16.     When Judicial Watch received no further word from Interim Deputy Mayor Falcicchio about a street closure requirement or a response to its request from the District Department of Transportation, it wrote to Interim Deputy Mayor Falcicchio again on Thursday, June 18, 2020:

> We still have not received a response to our original request, submitted over a week ago, and the extent to which street closure remains an issue is unclear to us. Please advise us if DC has any policies or procedures governing street paintings and street closures to accommodate street paintings. We have not been able to find any.

> To the extent street closure is an issue, please advise us how we can find information about what closures are occurring and the length of time streets will be closed so we can assess whether a particular closed street would accommodate our message. Please also advise us if it is possible to request a street closure to accommodate a street painting, as we asked in our June 15th email. Finally, please advise us if 16th Street NW is closed to accommodate the street painting in place there currently, how long the current painting will remain in place, and if the street will remain closed after the current painting is removed. Obviously, if 16th Street NW is the only closed street available for street painting, accommodation should be made for other messages, including ours.

17.     Later that same day Interim Deputy Mayor Falcicchio responded as follows: "Thanks for circling back. Here is the best page to find information about public space permits: https://ddot.dc.gov/page/public-space-permit-applications."

18.     Judicial Watch had reviewed this same webpage before submitting its request and

determined that the page contained no relevant information about processes or procedures for

requesting a permit for street painting.  Accordingly, it responded that same day, "Yes, but this

does not appear to address street painting.  It also does not appear that there is any current permit

for the street painting on 16th Street between H and K Streets."

19.     By Tuesday, June 23, 2020, Judicial Watch still had not received a response to its

request and had received no further communication from Interim Deputy Mayor Falcicchio.

Accordingly, it wrote to Interim Deputy Mayor Falcicchio on that date:

> It will soon be more than three weeks since a team of artists, residents, district employees, and demonstrators were allowed to paint "Black Lives Matter" on 16th Street NW near the White House and other demonstrators painted "Defund the Police" next to "Black Lives Matter."  It also will soon be two weeks since we requested permission to paint our message – "Because No One Is Above the Law!" – on Independence Avenue SW.  We still have not received a response to our request.  We find it significant that the streets around 16th Street reopened nearly a week ago, as has Lafayette Square.  We have been unable to identify any particular reason why 16th Street remains closed other than to accommodate the two street paintings.  We also have not been able to identify a policy or procedure for requesting a permit to paint a message on a street or a policy or procedure for closing a street to accommodate a street painting.  Nor have we been able to determine whether closing a street is necessary to accommodate a street painting.
>
> We have asked you for information on these subjects, but none was provided. The link to the Department of Transportation's permit webpage you sent us was unhelpful, as we advised you.  We do not seek hold a parade or install a banner or seasonal display on a streetlight.  We also do not seek to operate a sidewalk cafe, hold a block party, place a portable sign in a public space, or install electrical wiring.  None of the types of permits referenced on the webpage apply to our request or to the paintings currently on 16th Street.  Also based on the link you sent us, there does not appear to be any permit for the two messages on 16th Street.
>
> We would gladly follow the rules if there were any.  We are left with the firm conviction that the process – to the extent there is one – is arbitrary and favors only one viewpoint, that which is currently being expressed on 16th Street.
>
> As you are probably aware, viewpoint discrimination violates the First Amendment no matter what type of forum is at issue.  The timeliness of protected

expression also is important.  "It is vital to the operation of democratic government that the citizens have facts and ideas on important issues before them. A delay of even a day or two may be of crucial importance in some instances." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 182 (1968) (internal quotation omitted).

We have been patient.  We also have been flexible.  We have stated our willingness to paint our motto at a different location if street closure is necessary and the City is unwilling to close our chosen location.  All we ask is that we be afforded the same opportunity to paint our message on a DC street that has been afforded the painters on 16th Street.  We request that opportunity be afforded to us within the next 48 hours.  If we do not hear from you or if you once again fail to provide us with information about the appropriate process, we will have no choice but to evaluate our next steps, which may include litigation.

20.     Later that same day, Interim Deputy Mayor Falcicchio sent Judicial Watch the following response: "Thank you for circling back.  Days ago, I sent the information for how to apply for a public space permit[.]  Here is the best page to find information about public space permits: https://ddot.dc.gov/page/public-space-permit-applications."  The webpage was the same webpage Interim Deputy Mayor Falcicchio has sent Judicial Watch on June 18, 2020 and which Judicial Watch had reviewed at least twice and determined that it contained no relevant information about processes or procedures for requesting a permit for street painting.

21.     On Wednesday, June 24, 2020, Judicial Watch contacted the District Department of Transportation's Permitting Office directly, by telephone, to inquire about obtaining a permit to paint an expressive message on the surface of a District Street.  The customer service representative who answered Judicial Watch's call stated that she "was not sure we have a permit like that" and had "never heard of that."  She transferred Judicial Watch's call to another individual in the Permit Office, but the transfer was not answered.  Judicial Watch called back and spoke to a second customer service representative, who told Judicial Watch he had "never seen that" type of permit.  The second representative recommended Judicial Watch email the District Department of Transportation's Public Space Permit Manager, Mr. Elliott Garrett.

- 8 -

22.     Judicial Watch did as recommended, forwarding to Mr. Garrett on Thursday, June

25, 2020 Judicial Watch's June 10, 2020 request and all of its communications with Interim

Deputy Mayor Falcicchio, explaining:

> Judicial Watch, Inc. has been communicating with Interim Deputy Mayor
> Falcicchio about our June 10 request to paint an expressive message on a District
> street, as has occurred on 16th Street NW.  We initially proposed Independence
> Ave. SW, near our offices on 3rd Street SW, but are open to an alternate location.
> Copies of our June 10 request and our communications with Interim Deputy
> Mayor Falcicchio are attached.
>
> We've reviewed the public space permit application webpage multiple times and
> have not been able to identify any process or procedure concerning street
> painting.  I also spoke with the Permitting Center, and it was recommended that
> we email you.  Any assistance you can provide would be appreciated.

As of the date of this Complaint, Judicial Watch has not received a response from Mr. Garrett or

anyone else at the Department of Transportation.

23.     To date, neither Mayor Bowser, Interim Deputy Mayor Falcicchio, nor Director of

Transportation Martoonian have responded substantively to Judicial Watch's request to paint an

expressive message on the surface of a District Street and by failing to respond in a timely

manner have denied the request.

24.     On information and belief, no permit was requested or issued for the "Black Lives

Matter" or the "Defund the Police" messages on 16th Street NW, and no process or procedure

exists to request a permit to paint an expressive message on the surface of a District street.

25.     Also on information and belief, until the "Black Lives Matter" and "Defund the

Police" messages were painted on 16th Street NW, the District had not permitted an expressive

message to be painted on the surface of a District street.

## COUNT I
### (Violation of 42 U.S.C. § 1983)

26.     Plaintiff realleges paragraphs 1 through 25 as if fully stated herein.

27.     Defendants, acting under color of District of Columbia law, have deprived and are depriving Plaintiff of rights protected under the First Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983 by, *inter alia*:  (a) allowing District streets to be used for the painting of expressive messages, which constitutes protected, First Amendment activity, but denying Plaintiff the timely opportunity to paint its expressive message on a District street for reasons that are not narrowly drawn to achieve a compelling government interest; (b) failing to provide a reasonable basis for denying Plaintiff the timely opportunity to paint its expressive message on a District street; (c) favoring the expressive messages painted on 16th Street NW and/or creating the appearance of endorsing those messages to the exclusion of Plaintiff's message on a related subject matter; and/or (d) failing to provide reasonable, non-arbitrary processes and procedures for timely consideration of Plaintiff's request to paint an expressive message on District streets.

28.     Plaintiff is being irreparably harmed by reason of Defendants' deprivation of Plaintiff's rights under the First Amendment and violation of 42 U.S.C. § 1983, and Plaintiff will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.

29.     Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendants' conduct to violate Plaintiff's First Amendment rights and to violate 42 U.S.C. § 1983; (2) enjoin Defendants from continuing to deprive Plaintiff of its First Amendment rights, as secured by 42 U.S.C. § 1983; (3) order Defendants to issue a permit allowing Plaintiff to paint its expressive message on a District street for at least as long as the "Black Lives Matter" and "Defund the Police" messages remain on 16th Street NW; (4) grant Plaintiff an award of attorneys' fees and

other litigation costs reasonably incurred in this action pursuant to 42 U.S.C. § 1988; and (5)

grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 1, 2020                                   Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes (D.C. Bar No. 429716)
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Fax:    (202) 646-5199
Email:  porfanedes@judicialwatch.org
            mbekesha@judicialwatch.org

T. Russell Nobile*
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
(202) 527-9866
rnobile@judicialwatch.org

* Application for admission *pro hac vice*
   forthcoming

*Counsel for Plaintiff*